**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 18, 2017

LETTER TO COUNSEL

      RE:   *Christopher McDonald v. Commissioner, Social Security Administration*;
            Civil No. SAG-16-3041

Dear Counsel:

      On August 31, 2016, Plaintiff Christopher McDonald petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 19). In addition, I have reviewed Plaintiff's supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Lewis v. Berryhill*, No. 15-2473, 2017 WL 2381113 (4th Cir. June 2, 2017), and the Commissioner's response thereto.[1] (ECF Nos. 21, 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. McDonald protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in April, 2013. (Tr. 260-67). He alleged a disability onset date of June 22, 2008. *Id.* His claims were denied initially and on reconsideration. (Tr. 174-82, 185-90). A hearing was held on February 3, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 47-111). Following the hearing, the ALJ determined that Mr. McDonald was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-46). The Appeals Council ("AC") denied Mr. McDonald's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. McDonald suffered from the severe impairments of "diabetes with neuropathy, retinopathy, ulcers and cellulitis; lumbar degenerative disc disease; neck spondylosis; right knee meniscal tear; obesity; bipolar disorder; and major depressive disorder."

---

[1] The parties were notified of the potentially relevant ruling in *Lewis* in a letter order dated June 5, 2017. (ECF No. 20). The letter order provided the parties an opportunity to determine whether supplemental briefing was necessary to address the apparent *Lewis* issue. Plaintiff filed his supplemental brief on June 15, 2017, (ECF No. 21), and the Commissioner timely filed her response on June 29, 2017. (ECF No. 22).

*Christopher McDonald v. Commissioner, Social Security Administration*
Civil No. SAG-16-3041
July 18, 2017
Page 2

(Tr. 22). Despite these impairments, the ALJ determined that Mr. McDonald retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) where they (*sic*) can lift or carry up to 20-pounds occasionally and can lift or carry up to 10-pounds frequently and stand or walk for approximately six-hours in an eight-hour workday and sit for approximately six-hours in an eight-hour workday with normal breaks; where he can only occasionally climb ramps, stairs, ladders, ropes or scaffolds; where he can occasionally balance, stoop, kneel, crouch, and crawl; where he is limited to work involving simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision.

(Tr. 30-31). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. McDonald could perform work existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 38-39).

Mr. McDonald raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to assign weight to the medical opinion of a consultative physician, Dr. Rao.[2] (ECF No. 16-1, pp. 6-12). I concur that the ALJ committed an error under *Mascio*, and remand is therefore appropriate. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. McDonald is not entitled to benefits is correct or incorrect. I also asked the parties to consider whether the case was impacted by the recent ruling in *Lewis*. However, because this case is being remanded on other grounds, I need not reach the *Lewis* issue. On remand, the ALJ should assess Mr. McDonald's credibility based on both Mr. McDonald's subjective statements and the medical evidence, in accordance with *Lewis* and other guidance.

Beginning with *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

---

[2] Mr. McDonald also argues that the ALJ failed to consider the impact of his diabetic retinopathy in his RFC assessment. (ECF No. 16-1, pp. 10-11). Because Mr. McDonald's case is being remanded on other grounds, the ALJ should, on remand, determine whether substantial evidence merits inclusion of a limitation in the RFC assessment addressing Mr. McDonald's diabetic retinopathy.

*Christopher McDonald v. Commissioner, Social Security Administration*
Civil No. SAG-16-3041
July 18, 2017
Page 3

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found Mr. McDonald to have moderate difficulties maintaining concentration, persistence, or pace. (Tr. 27-29). The ALJ noted that Mr. McDonald displayed "poor memory, and present[ed] as anxious and guarded with poor insight[.]" (Tr. 27). The ALJ also cited Dr. Rao's determination that Mr. McDonald's "depression would interfere with his ability to tolerate work-related stresses and productivity[.]" *Id.* However, the ALJ also noted that, on examination, Mr. McDonald was "without distress, and alert and oriented, with

normal judgment and cognition, and with normal mood and affect." *Id.* Moreover, the ALJ noted that Mr. McDonald "had a normal cognitive examination," and was "independent with personal activities," "presented with good hygiene," and "was cooperative with good eye contact." *Id.* According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4).

The ALJ noted that Dr. Rao "opined that [Mr. McDonald's] depression would affect his ability to tolerate work stress or productivity." (Tr. 36). In response, the ALJ imposed a RFC restriction that Mr. McDonald can perform "simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision." (Tr. 31).[3] However, there is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses Mr. McDonald's ability to sustain work throughout an eight-hour workday. In fact, I am unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

---

[3] In fact, Dr. Rao stated that Mr. McDonald's depression and other impairments interfere "with his ability to tolerate work related stress and function productively." (Tr. 791). It is unclear whether the ALJ's limitations, designed to address stress, would allow him to function productively throughout an eight hour workday.

*Christopher McDonald v. Commissioner, Social Security Administration*
Civil No. SAG-16-3041
July 18, 2017
Page 5

      Next, Mr. McDonald argues that the ALJ failed to assign weight to the opinion of the consultative physician, Dr. Rao. [ECF No. 16-1, pp.8-10]. Notably, there is no requirement that each practitioner's opinion be explicitly addressed, where implicit assignments of weight can provide an opportunity for meaningful review. *See Shaffer v. Comm'r, Soc. Sec.*, No. CIV. SAG-10-1962, 2012 WL 707098, at *2 (D. Md. Mar. 2, 2012) (citation omitted). Here, it is clear that the ALJ considered and evaluated Dr. Rao's opinion. *See* (Tr. 26, 27, 36) (citing (Tr. 788-96)). Specifically, the ALJ noted Dr. Rao's determination that "[Mr. McDonald's] depression would affect his ability to tolerate work stress or productivity." (Tr. 36). In addition, the ALJ noted Dr. Rao's finding that Mr. McDonald showed "some tearfulness with restricted affect and fair judgment and insight" on examination. *Id.* However, the ALJ also noted that the "findings on examination by Dr. Rao, do not support a more restrictive finding" because "his examination included evidence of good hygiene, good eye contact, no psychomotor abnormalities, normal speech, and normal cognitive examination." *Id.* Ultimately, the ALJ found Dr. Rao's opinion "entirely consistent" with Mr. McDonald's RFC assessment, and imposed several restrictions to address limitations reflected in Dr. Rao's opinion. (Tr. 27). Given the ALJ's summarization of Dr. Rao's opinion and his reliance upon it in assessing Mr. McDonald's RFC, the ALJ's failure to assign it specific weight does not warrant remand.

      For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                Sincerely yours,

                                  /s/

                                Stephanie A. Gallagher
                                United States Magistrate Judge